[No. 1210, August 31, 1909.]

TERRITORY OF NEW MEXICO, Appellant, v. HATTIE HODGDON CRARY, et al., Appellees.

SYLLABUS.

1. The Territory in proceeding under Section 3693, C. L. 1897, to obtain legal title to land in private ownership to hold the same for the use and benefit of the University, thereby creates an express trust and under sub-sec. 3, of Section 1685, C. L. 1897, could maintain such suit, as trustee, without joining the University or the Board of Regents of the University.

2. The petition in proceeding under C. L. 1897, section 3693, authorizing the Board of Regents of the University of New Mexico to acquire by condemnation in the name of the Territory, whenever it deems such acquisition necessary, is subject to demurrer if it fails to allege that the acquisition of the land was deemed necessary by the Board of Regents of the University.

3. Failure to allege in a petition under Section 3693, C. L. 1897, the possession of funds to pay for the land is not fatal either on motion to dismiss or on demurrer and is at most a matter of defense to be raised by answer.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Reversed and remanded.

JAMES M. HERVEY, Attorney General, and F. W. CLANCY, for Appellant.

There is statutory authority for the condemnation of

real estate for the use of the University. C. L. 1897, secs. 3693, 3850, 3857; Laws 1905, chapter 97, sec. 15.

There are available funds for the compensation to the owners of the land. C. L. 1897, secs. 3636, 3571.

W. B. CHILDERS for Appellees.

Every action, suit or proceeding shall be brought in the name of the party in interest. C. L. 1897, sec. 3568-3591.

Acts authorizing the condemnation of private property for public use must be strictly construed. 2 Lewis Sutherland Stat. Con., 2 ed., pp. 1040, 1041, sec. 559; 10 Enc. L., 2 ed., p. 1052, note 6, p. 1054, note 3, p. 1055, note 1.

Use to which the land is to be appropriated and the necessity of taking. 1 Beach on P. Cor., sec. 666 and authorities at note 1; Cooley on Const. Lim., 6 ed., 660; Highland Boy Gold Min. Co. v. Strickley, 116 Fed. 852, 856; Robinson v. Penn. R. Co., 29 Atl. Rep. 268; C. L. 1897, sec. 3693.

Insufficiency of the petition. Laws 1905, chap. 97; Enc. P. & P., vol. 7, pp. 517, 518, and authorities cited in notes 1 and 2; 1 Beach on Pub. Cor., sec. 678; Colville v. Judy, 73 Mo., syllabus, p. 652; in re Grover Street, 61 Cal. 449; 15 Cyc., p. 812 and authorities cited in note 32, p. 813; Cavanagh v. Board of Police Comrs., 35 Atl. 793, 795; Van Wickle v. Railroad Co., 14 N. J. Law 162, 166; State v. Mayor, etc., 26 N. J. Law 444; New York, N. H. & N. R. Co. v. Long, et al, 37 Atl. 1070, 1074; McCulley v. Cunningham, 11 South. 694; C. L. 1897, sec. 3693.

There are no available funds for the compensation of the owners of the land. Laws 1907, ch. 89, sec. 2, p. 198; Sheldon v. Purdy, 49 Pac. 228; Harris v. Same, 17 Wash. 135; Mitchell v. Colgan, 54 Pac. 905-907; 15 Cyc. 640-642, 645, 646; Gardner v. Newsburgh, 2 Johns. ch. 168; 7 Am. Dec. 526; People ex rel. Utley v. Hayden, 6 Hill, 359; Sage v. City of Brooklyn, 98 N. Y. 189; in re South Market Street, 67 Hun. 594, 22 N. Y. Supp. 432; Bensley v. The

Mountain Lake Water Co., 13 Cal. 318; McCauley v. Weller, 12 Cal. 529, 530; People v. Hayden, 6 Hill. 359-361; Sweet v. Rechel, 159 U. S. 380-406.

## OPINION OF THE COURT.

MECHEM, J.—This was a proceeding brought by the appellant to condemn certain land, the property of the appellees, for the use of the University of New Mexico.

The appellees filed their motion to dismiss the petition of appellant, for the reason that the same should have been brought in the name of the Regents of the University and not in the name of the Territory.

The court below granted the motion of the appellees, dismissed the petition and appellant prosecutes this appeal, assigning as error the action of the court below in granting appellee's motion.

The proceeding was brought under Sec. 3693, Compiled Laws 1897, which reads as follows:

Sec. 3693. "Hereafter, whenever it shall be deemed necessary by the Board of Regents of the University of New Mexico, and to acquire title to any lands for the use of any such institution and the owner or owners of such lands are unable or unwilling to accept a fair and reasonable price for such lands, then, and in that event, each of the several boards may acquire, in the name of the Territory of New Mexico, title to so much of said land or lands as shall be deemed necessary by any such board for the use of any such institution, in the same manner as now provided by law for the condemnation of land for railroad purposes, and such land so taken shall be deemed to be taken for public use."

We are of the opinion that the contention of the appellant is correct. In this proceeding the Territory sought to obtain the legal title to land in question, to hold the same for the use and benefit of the University. In other words the Territory by bringing this suit and obtaining

the legal title to said lands for the use and benefit of the University, would thereby create an express trust and under sub-sec. 3 of Sec. 2685, Com. Laws 1897, could maintain such suit, as trustee without joining the University or the Board of Regents of the University.

As this case must be reversed, it may be well to call attention to the fact that the petition is subject to demurrer, in failing to allege that the acquisition of the land was deemed necessary by the Board of Regents of the University.

It is asserted in one of the briefs that the court dismissed the petition because it failed to allege the possession of funds to pay for the land. We do not consider the absence of such an allegation however, fatal either upon motion or demurrer. It is at most a matter of defense to be raised by answer.

For the reasons above assigned, the judgment of the lower court will be reversed and the cause remanded for further proceedings, and it is so ordered.